IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LONNIE B. WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )  CIV-05-483-M |
| v. | ) |
| | ) |
| JAMES A. YATES, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

REPORT  AND  RECOMMENDATION

Petitioner, a California state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Petitioner is challenging two convictions for Rape in the First Degree entered in the District Court of Oklahoma County, Case Nos. CF-98-5756 and CF-98-7929.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Upon consideration of the Petition and

1

documentary evidence attached to the Petition, the undersigned finds that the Petitioner is not entitled to habeas relief and recommends that the Petition be dismissed upon filing.

Petitioner's Petition, filed April 29, 2005, reflects that he is a prisoner currently confined in a California state prison. The named Respondents are the Warden of the California state prison where Petitioner is confined and California Attorney General Bill Lockyer. Petitioner states that the Attorney General of the State of Oklahoma is also a Respondent although he states that the name of this state official is "unknown." Petitioner asserts that he is challenging two convictions entered in the District Court of Oklahoma County on May 18, 2001, Case Nos. CF-98-5756 and CF-98-7929. The docket sheets in these two criminal proceedings, of which the undersigned takes judicial notice, are available to the public on the worldwide web. These docket sheets reflect that Petitioner was charged in 1998 in each of the two cases with the offense of Rape in the First Degree. The cases were ordered consolidated for trial, and two jury trials begun in the cases ended in mistrials. Petitioner subsequently appeared before District Judge Twyla Gray on May 18, 2001, with his court-appointed attorney and entered a negotiated Alford[1] plea. Petitioner was sentenced in each of these two cases to concurrent five-year sentences, all suspended except for the first

---

[1] In North Carolina v. Alford, 400 U.S. 25 (1970), the Supreme Court recognized that a plea to a criminal charge that does not contain an expression of guilt is constitutionally valid. As the Court stated in Alford, "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Id. at 37.

2 ½ years. Petitioner was ordered to be released in both of these cases with credit for time served, and his probation was ordered to be transferred to California.

The origin and nature of the conviction and sentence under which Petitioner is being held in custody in the State of California is not clear. Petitioner does not expressly allege that the 2001 Oklahoma convictions have been used to enhance the sentence he is now serving. "The first showing a §2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001). To establish such custody in the case in which the petitioner wishes to challenge a prior conviction whose sentence has been served, "the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition." Id. at 406. In this case, Petitioner does not challenge the conviction or sentence he is now serving. Rather, Petitioner attempts to challenge two convictions whose sentences appear to have expired. Petitioner has attached to the Petition the judgment and sentence entered in one of these criminal cases he attempts to challenge. This judgment and sentence entered in Case No. CF-98-7929 demonstrates that Petitioner was given credit for the 2½ years of the five year sentences entered in those cases and that the remaining 2½ years of the sentence was suspended. Petitioner states that he received the same sentences for both convictions. Because these sentences were entered in May 2001, it appears that Petitioner's sentences expired prior to the time that Petitioner filed the instant Petition.

Moreover, Petitioner has not exhausted available state court remedies with respect to all of the constitutional claims asserted in the Petition. "An application for a writ of habeas

corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A); see Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). In this circuit, a habeas petitioner satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992). See also 28 U.S.C. §2254(b)(i) and (ii). A habeas petition containing unexhausted claims is subject to dismissal unless the petitioner establishes that a recognized exception to the exhaustion requirement applies to excuse the lack of exhaustion. Miranda, 967 F.2d at 398; accord, Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert. denied, 517 U.S. 1223 (1996); White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988).

 Petitioner admits that he did not pursue a direct appeal from the convictions he is seeking to challenge. Even though a direct appeal from the convictions may no longer be available because of statutory time constraints, Petitioner has a second post-conviction avenue under Oklahoma's well-established statutory post-conviction procedure for pursuing collateral relief from a state court conviction. Okla. Stat. tit. 22, §§1050 - 1058. Petitioner has not shown that he is unable to litigate his constitutional claims in a post-conviction proceeding. Petitioner contends that he has unsuccessfully sought habeas and mandamus relief in the state courts in order to obtain copies of certain state court records and transcripts.

Petitioner has not demonstrated, however, that he has sought and been denied relief on the merits of his claims, *inter alia*, that his Alford pleas in the two criminal cases were involuntarily entered or that the plea agreement in those cases was not fulfilled. Accordingly, the Petition is subject to dismissal for failure to exhaust available state court remedies.

Petitioner's constitutional claims with respect to the 2001 state court convictions are also time-barred by operation of 28 U.S.C. §2244(d). Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. §2244 by adding a one-year period of limitation on the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1).

Petitioner filed this Petition on April 29, 2005, and his Petition is therefore governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996). Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] Again taking judicial notice of official state court records, Petitioner's convictions in Case Nos. CF-98-5756 and CF-98-7929 became

---

[2]None of the alternative circumstances described in §2244(d)(1) for commencement of the limitations period are applicable to the instant Petition.

"final" for purposes of determining the one-year limitation period under 28 U.S.C. §2244(d)(1)(A) on August 18, 2001, when the time for Petitioner to file an appeal from the convictions in the Oklahoma Court of Criminal Appeals ("OCCA") expired. Okla. Stat. tit. 22, §1051 (appeal from judgment and sentence in criminal conviction must be filed within ninety days from the date of the conviction). Petitioner therefore had one year from August 18, 2001, to file his federal habeas petition commensurate with 28 U.S.C. §2244(d)(1). The one-year limitation period expired on August 18, 2002, more than two years before Petitioner filed his federal habeas Petition, in the absence of any statutory or equitable tolling extending the limitations period. Petitioner did not file a post-conviction application during the one-year limitations period governing the filing of his Petition, and therefore the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) does not apply to extend the limitations period.

Petitioner alleges that he only learned he was "railroaded" by the district court judge, prosecutor, and defense attorney into entering an Alford in July 2004 when he received advice from another inmate and read the Supreme Court's decision in Alford. This allegation can be generously construed to assert that the limitations period should be equitably tolled for reasons beyond Petitioner's control. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(§2244(d)(1) limitation period "may be subject to equitable tolling" in exceptional circumstances), cert. denied, 525 U.S. 891 (1998). Equitable tolling is appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period"

but is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioners who meet this narrow standard must also show that they have diligently pursued their federal claims in state and federal courts. Miller, 141 F.3d at 978. Accord, Gibson, 232 F.3d at 808. Petitioner's *pro se* status and lack of legal training are not grounds for equitably tolling the limitations period. He has not shown that with diligence he could not have learned of the factual basis for his claim that his pleas were involuntary.

Petitioner also alleges he is innocent of the offenses. Documentary evidence attached to the Petition includes photocopies of an Oklahoma State Bureau of Investigation ("OSBI") criminalist's examination report dated May 25, 1999. The report indicates that one piece of evidence presented to the criminalist for DNA laboratory analysis, described as the "victim's shorts," was analyzed and that suspect "Wilson" was excluded as a potential contributor to the DNA found on this piece of evidence. This documentary evidence indicates only that Petitioner was excluded as a suspect with respect to one piece of evidence analyzed by the OSBI. Nevertheless, even if the OSBI report provides some evidence to support Petitioner's claim of innocence in one of the criminal cases, Petitioner entered a plea to the criminal charges in which he acquiesced to the entry of a judgment of conviction despite his unwillingness to admit his guilt. Under these circumstances, Petitioner has not shown that he is actually innocent of the convictions that he seeks to challenge herein. Moreover, Petitioner waited four years to challenge his convictions in this Court. He has not attempted to collaterally challenge the convictions in state court by filing a post-conviction application

in the two criminal cases in the Oklahoma County District Court.[3] Thus, Petitioner has not diligently pursued his federal claims.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DISMISSED upon filing as untimely and, alternatively, DISMISSED without prejudice for failure to exhaust state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   June 29th , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

---

[3] Documentary evidence attached to the Petition shows that Petitioner submitted a petition for writ of habeas corpus to the District Court of Oklahoma County on a form which reflects that it has been approved by the Judicial Council of California. The petition was styled, Lonnie B. Wilson, Petitioner v. Twyla Gray, Judge, Clerk Reporters, Court Stenographers, [and] District Attorney David Prater. An order was entered by an Oklahoma County district judge on December 9, 2004, in which the judge indicated the pleading was being returned to Petitioner unfiled for the stated reasons that it was "not properly styled as to the court to be filed in," it was not submitted with a filing fee or an in forma pauperis application, and the pleading was "not on forms approved by the court and supplied by [the clerk.]" Other documentary evidence attached to the Petition reflects that Petitioner has filed habeas and mandamus petitions in the state courts seeking only the preparation of certain transcripts and records and an order providing the transcripts and records to Petitioner. Although Petitioner has been repeatedly advised as to the proper procedure for seeking copies of transcripts and records in the criminal matters, he has failed to file the proper pleadings in the proper court and his petitions have been dismissed based on procedural deficiencies.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   9th   day of   June  , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE